This case, this afternoon, is case number 416-0137, People v. McCurdy, and for the appellant we have Mr. Rosen, and for the appellee we have Ms. Brooks. You may proceed, counsel. May it please the court, counsel. My name is Zachary Rosen from the Office of the State Appellate Defender, and I represent Mr. Troy McCurdy, the appellant. Though common sense may call for a felony conviction in this case, I believe, I argue, that the burden of proof beyond a reasonable doubt demands more than common sense and speculation. And that's what I think the state is asking this court to do, is to speculate about the evidence that was submitted through the officer's testimony and through the picture of the collected material, and to then make a jump, speculate that surely there was at least 30 grams there. That's because the state has already conceded that they can't prove more than 500 grams, even though a jury found that below. They say, we can't do that now in good faith, but please find that there was at least 30 grams there. And I argue that because the state conceded, and because there is not enough evidence to prove that weight beyond a reasonable doubt, that this court cannot make that inference. That it's not a reasonable inference. It's instead a speculation, an assumption, or a conjecture about the weight of the cannabis that was present that day. Now, this court must consider the evidence and give the state the benefit of the doubt. Give them, excuse me, not the benefit of the doubt, but look at the evidence in a light most favorable to the state. But I think that even in doing that, this court still cannot find that there's any evidence as to the weight of the collected cannabis when it was collected in its three separate bags. And that's important because it was discovered and collected in three separate bags. The investigating officer admits to commingling, mixing these substances before sending it to the technician. And in doing that, the results that the technician reaches are tainted. They're not an accurate estimate of how much cannabis was really there in its separate form. And that's because there could have been just a little bit of cannabis present that day with quite a bit of some other substance. And when you mix those substances together, that little bit of cannabis will rub and contact all the other substances. And all of a sudden, a gram or two of cannabis turns into over a thousand grams as determined by the technician. But this information is not enough to convict Mr. McCurdy guilty of a felony beyond a reasonable doubt. Now, he admits that he's there, that the state can prove possession, that certainly there's some amount of cannabis there. And that's why it shows up in the test. But that he should only be subjected to a misdemeanor conviction because the prosecution lost any basis to charge the defendant with a felony possession because it lost the basis to charge of any specific quantity of the substance when it was mixed. And there's plenty of case law this court can turn to that says separate containers should be tested separately, should be considered separately, even if the contents resemble each other. It's simple. When the police sees separate bags, sees them, they should keep them separate, they should test them separately. And that didn't happen here. Now, because of that failure, I argue that there's not enough proof, that there's not enough proof to determine weight of the drugs that were collected. And that weight is an essential element that the court must consider. And so, for the investigating officer's failure to consider that in collecting the evidence, the state's hands are now bound. There's really no way to remedy that error. Counsel, I didn't see anything in the record that indicated that there was any testing done prior to the co-mingling. Is that accurate? No testing done by the officer? That's correct, Your Honor. There's no testing at the scene. He certainly says it smells like cannabis and he thinks it looks like cannabis. But notably, he doesn't say that each specific bag, that he was certain it was cannabis, or that he even estimated how much each bag weighed. Because at trial, the state tried to prove greater than 500 grams because the total weight was over 1,000 grams. But now, they've taken a step back, conceded they can't do that, and said, well, surely at least find that each bag had 30 grams in it. And that means that even if the two bags were not cannabis, but one was cannabis, then we still have 30 grams of cannabis. We can prove Mr. McCurdy guilty of a Class 4 felony. And then they ask this court to act in a sense of the sentencing court and enhance back to the Class 3 due to the fact that it's a subsequent conviction. But we don't know the state of the cannabis in the car, whether it was all cannabis or what it even all looked like. The officer didn't testify that the bags were the same shape or the same size. The officer didn't testify how full the bags were. Because perhaps if he had said that, we could then assume how much was in each bag. We could make that speculation that the state requests. Does the record show any explanation for why the officer commingled all of this? You know, Your Honor, I don't think the record does. The officer just admits that he did mix the substances. I don't believe there's an explanation. No, sir. And the officer's testimony never says anything about weight, not even an estimate of what the bags would have weighed had they been weighed separately. And the photograph that's admitted in evidence does not show the materials in the state in which it was collected. There are plastic bags in the background, but it's difficult to see how many are there or if they are the same size. And the material that the picture shows shows that it's in a different format. Some of it is compressed in a brick form. Some of it is loose, and it's just all over the table. And while certainly it is a substantial pile of some substance, because of the error in collection, the state's just bound that they can't charge anything other than a misdemeanor. Because we would just never know what was what. We'd never know what was legitimately cannabis and what wasn't. We'd never know if possibly one bag only had a couple grams in it and the others were rather full because that was perhaps what was going on that day. We just don't know because the evidence that was introduced at trial doesn't tell us anything about the weight in the separate bags when they were collected. So for those reasons, I think that this Court can address the issue now that it is a proper sufficiency claim simply because we don't have anything in the record to prove weight. And that's in part because of the commingling. So once that occurred, I think the state's hands were bound that they could only prove the lowest applicable offense. And at that time it was a Class C misdemeanor, less than 2.5 grams. And I think that this Court can rely on a great deal of precedent both from cases that have come before this Court dealing with other drugs, mixing of those drugs, and from the Supreme Court that dictate that the law says that once this happens, the state's hands are tied, that they can't prove more than the misdemeanor. And I think that's the correct result in this case. Now, the state's concession, I think, is something to consider very closely because they got that conviction for 500 grams. And so I would think that they would say that was the proper conviction here. But they don't. They say we can't prove that. We can only prove 30 grams. And I think that this Court should remember that the burden of proving the weight of the substance beyond a reasonable doubt, that that burden doesn't change whether it's 500 grams or 30 grams. And that when the state tries to prove possession of 500 grams, the burden isn't any harder. And when the state tries to prove 30 grams, the burden isn't any easier. The burden is the same, and that's because it's the law. So for those reasons, Your Honors, I ask that you reduce the conviction to the lowest applicable misdemeanor. That's the Class C misdemeanor because the state can't prove weight and remand for resentencing according to that statute. If there are any questions, I'm happy to entertain them. We're happy to address them in rebuttal. If not, I ask that you grant Mr. McCurdy's request to reduce his conviction. Thank you, Your Honors. Thank you, Counsel. Ms. Brooks? Thank you, Your Honors. My name is Allison Paige Brooks. I appear on behalf of the people. May I please depart? The defendant's claim is that the evidence doesn't say anything about the weight because the weight of each bag was not individually weighed. Well, each bag was not individually weighed, but that does not mean that there was no evidence or reasonable inferences to be drawn from the evidence regarding how much weight of substance was in each bag. What the defendant's position also says is that the officer did not testify as to how big the bags were or how full the bags were. But as I cited in my brief, there was a large amount of suspected cannabis inciting a large Ziploc bag. There were two of those on the back seat. There was also a gallon-sized Ziploc bag, quote, filled with cannabis on the front seat floorboard. And he also said that all this cannabis came from compressed brick form. He also said that the partially loose substance in the People's Exhibit No. 4, the photograph, also came from a compressed brick. So, when we have a total of 1,053 grams, that's the total weight, that was in only three bags. Well, 1,053 divided by 3 is over 10 times 30 grams. And so... But that's based on the assumption that all of the bags contained cannabis. I mean, how do we know that? It's based on the fact that these are all leafy substances, which the reasonable inference would be have a similar weight. It's not like we're comparing leafy substance and lead weights, like fishing weights or something. We're comparing leafy substances that appear to be similar in nature, according to the photograph, and according to the testimony, appears to be cannabis, to the officer. So, it is a reasonable inference from the volume of the three compressed bricks that each of them have relatively the same weight. Let me ask you the same question I asked on Mr. Rosen, and that is, does the record show any reason why the officer commingled this stuff? I do not know of a reason why the officer would have commingled it other than convenience or ignorance. Well, if it's a matter of policy, and I'm pretty sure it is, that police officers ought not do that. Isn't it desirable for this court to not be looking for ways to essentially empower them to do it by accepting this procedure? Why don't we just say, this is a misdemeanor only, and hopefully the message will get across, don't be doing this. Well, this court is going to, and according to State's concession, vacate the jury's finding that there was over 500 grams because of the improper commingling. And the fact that that is a powerful deterrent itself is the fact that the 1,000 grams, which is a large amount of cannabis, in three bags, is now only a 30 gram minimum case. And that is the major powerful message that commingling should not happen. But to accept the defendant's position, contrary to common sense, which I'm not even sure if the defendant admits that this is contrary to common sense, to think that the contents of one of the bags could have been less than 2.5 grams of substance when these were all large bags, they were compressed bricks that essentially filled the bags, and the photograph and the testimony would all have to be disregarded. And that's not something that a reviewing court should do because this court has an obligation to look at the evidence in the light most favorable to the prosecution. Now, if this had been a jury trial with a lesser-included offense instruction... Whose burden was to prove it was marijuana, beyond a reasonable doubt. Yes, the State's burden. And they did prove that substance contained marijuana, which was from one of the bags. What case do you have that says that you can prove the nature of the substance by common sense? We don't have a case that proves that, that says that we have evidence of scientific testing in this case. It's not showing that... Did your analyst say, I tested this, but it is my opinion all of the rest of this is cannabis, too? I'm not sure exactly what the analyst's opinion was, but substance containing cannabis... Well, that would seem crucial to your argument. I'm wondering if it was there, why wouldn't it have been in the brief? Did the analyst say, I only tested this amount, but however, in my professional opinion, based upon the appearance, the smell, the hairs that I observed, all of these other bags, all of this amount is cannabis? I'm not sure. I don't know what the analyst... Because the analyst only got one bag, right? The analyst got it all commingled, that's right, together. But essentially, the issue here is that it's a substance containing cannabis, it's like a controlled substance case. If a defendant chooses to keep a small amount of cocaine mixed in with baking soda, for example, then he's still guilty of a larger weight because he commingled it himself. But the problem is... He didn't. We don't... Right, exactly. In cases where the police do the commingling for the defendant, we do not penalize that defendant for the higher weight. So essentially, if the defendant had commingled a small amount of cannabis in any one... See, that's not our problem. I'm sorry? That's not our problem. This is not a defendant commingling case. No, I'm responding... So what do we do? I'm responding to the defendant's argument that there may have been a large amount of other substances in one of these bags with a small amount of cannabis. That means that the defendant had commingled inside one of these bags which contains, say, 300 grams of substance. He is still guilty of 30 to 500. Absolutely. Because he... So the state's burden here... And get back into what the state does have to prove with the scientific testing that these bags commingled contains cannabis. So the question was... Essentially, it comes down to did the state prove that there was at least 30 grams of substance in each one of those three bags? And the reasonable inference from the evidence and the testimony including the photograph is yes. Beyond a reasonable doubt there's no way that it could be rationally said that there was less than 30 grams of substance or even as the defendant's position less than 2.5 grams of substance when there's this massive amount of material leafy material totaling over 1,000 grams in only three bags as based on the descriptions of them being large amounts and being filled and being large bags there's no way a jury could have rationally if it was like a bench trial or a jury trial and the question was whether the finding of 30 to 500 would be upheld on appeal this court would have to affirm that finding of 30 to 500 based on this evidence because there is at least 30 grams of substance in each bag and the scientific testing has proved beyond a reasonable doubt that the combined amount of that substance contained cannabis So your position really is based upon the officer's description of the level of being filled of each of the bags so if we had a situation where the officer said well there was one bag that just had maybe I don't know a smidgen of a substance in it and then the other two bags were really full and now they're all combined would that change your analysis because of course one could argue what if the only cannabis was in the very small bag with the smidgen and you have these other two bags that are full that don't have any cannabis and now they've been commingled would you still make the same argument you're making? Probably not or if the standard was 300 grams instead of only 30 which is a 10 times difference if it were 1,053 grams in the three bags and it had to be over 300 grams this would be much harder to make because 1,053 divided by 3 is much much closer to 300 than it is to 30 or even 2.5 grams It only needs to be 30 How did you get to 30? You conceded I'm trying to figure out if you're so confident in your argument why is your argument that the defense would remain guilty of the offense for which it was charged? Because three bags divided by 1,053 means that it's not at all likely not beyond a reasonable doubt that any one of those bags was at least 500 grams particularly the one that had the cannabis that was tested to be positive so we cannot prove that any of these bags had over 500 grams but it seems overwhelming based on the photograph and the description of the bags that each of the bags contained at least 30 grams of substance so if there were in fact commingling by both the defendant into one of these bags that contained cannabis and then the police put all three together the defendant is responsible for the commingling in each of the bags that was seized and then the police are then responsible for improperly commingling the three bags into one but if there's at least 30 grams of substance beyond a reasonable doubt then it doesn't matter if there's only a small amount of cannabis in that one bag that had like say 300 grams in it, he's still guilty of at least 300 because he commingled that before the police seized it we don't have any weights prior to the commingling we don't know how much was in each bag prior to the commingling we have descriptions specific weight numbers we do not have we have descriptions that these were each from three compressed bricks the defendant is wrong about that he doesn't cite the record for any contrary testimony to that although in the photograph that some of them is loose the description in the testimony is that still came from a compressed brick three compressed bricks the reasonable inference is that these are almost the same size at least by volume and they couldn't anywhere be close enough to be a tenth time factor difference it can't be really fairly labeled a compressed brick with 1053 grams in three bags and have one of those compressed bricks be less than 30 grams, not with that photograph the photograph you can't say that the volume of any of those bricks is ten times less than any of the other bricks it just is not a reasonable inference and this court must accept all reasonable inferences and view the evidence in light most favorable to the prosecution so bringing this around full circle to Justice Steigman's question we have all these cases indicating that if separate bags or containers of substances were seized a sample from each bag or container must be tested in order to prove that it contains an illegal drug to conclude a remaining untested package also contains a controlled substance of speculation or conjecture why should we be encouraging police to do exactly this which the case authority seems to say if you do that you're out  if in this situation there were separate weights then the defendant if the weights were say 300, 308, 309 I'm just going to stick to the facts we have right but the commingling the penalty is that they don't get to assume that there was cannabis in the other 308 and 308's that those bags would not be assumed to be cannabis as well, they would only be able to say  the least weighing bag would be the one that would have contained cannabis to be fair to the defendant so my point is if any of these bags contain at least 30 grams of substance and when they're all mixed together they test positive for cannabis then the defendant is responsible for at least possession of a substance of at least 30 grams containing cannabis and that's not encouraging commingling that is penalizing the state for commingling because we're losing a conviction of over 500 grams and we're only going down to 30 which is a lot farther away from 500 and so this is a major penalty for commingling and this is not at all encouraging commingling so that's the state's position is that this court should simply review the evidence as if it were a conviction, a jury finding and juries can use common sense a judge can use common sense sitting in a bench trial and I'm sure if the defendant is asking this court to throw out common sense as part of the review of the evidence but it certainly sounded like that to me that the defendant is sort of asking this court to not only ignore some of the evidence like the fact that this came from compressed, all three came from compressed bricks but to also throw out common sense as well and the photograph of it shows the volume respective volume of each of the bags so to infer that the relative volumes are almost the same and then say that well the relative weight should be almost the same because these substances appear to be cannabis to the officer so that is a reasonable inference to infer the weights from their respective volumes and that's not speculation and to say that well maybe it would be a little more speculative to say that maybe one of the weights was not 300 but we're at it's 30, 30 is 10 times different from 300 and what the defendant is asking two and a half if these were equally divided bags and there were over 350 grams or about 350 grams a piece two and a half grams is many times different from 350 grams or whatever it would have been if the reasonable inference is that these bags were almost identically filled with similar weights if that's a reasonable inference to accept then to go all the way down to 30 grams or two and a half grams that is such a large difference that would literally require ignoring common sense and that's not something that should be encouraged in the law so for those reasons the state requests this court to reduce the degree of the offense to a violation of section 4 subsection D of the Cannabis Control Act and the state has made an argument that the defendant is the subsequent offender in the case I cited Robinson and I did go back and look at that in preparing for the argument and Robinson was a bench trial on first degree murder the defendant in that case was convicted at a bench trial of involuntary manslaughter and then given a class 2 felony conviction because it was a family member and the Supreme Court of Illinois rejected this claim that he was being convicted of an uncharged offense because involuntary manslaughter of a family member was still involuntary manslaughter and was still a lesser included offense of first degree murder and the Supreme Court of Illinois and Robinson also rejected this claim regarding a lack of notice under section 113-C5 of the the point is if the PSI in this case shows the defendant has a prior conviction and this court would accept the state's argument that he was proven guilty beyond a reasonable doubt of 30 to 500 he would be guilty of a class 3 felony still because he's a subsequent offender but I would understand if this court was reluctant to make that finding in the first instance because in Robinson the trial court at a sentencing hearing made the finding of a family member in an involuntary manslaughter case so if this court were so inclined it could also instead of the state's requested relief of remanding for sentencing or maintaining the judgment as a class 3 felony but under a different subsection a lesser included offense 4D this court could remand for the trial court to conduct a sentencing hearing on a violation of section 4D and leave it up to the trial court to determine what felony classification that would be in other words whether the defendant was in fact a subsequent offender I'm not sure if the defendant objects or denies that he is in fact a subsequent offender under the Cannabis Control Act but that is another option if this court did not want to make the finding itself so I thank you for your time thank you counsel any rebuttal yes your honor the state bears the burden of proof to each essential element and they may not leave essential elements to conjecture or assumption I've been using the word speculation as well your honors and I think that's what this court would have to do to grant the state's request the state is saying it's reasonable to infer that each bag had 30 grams if not even 300 grams just take 1000 and divide it by 3 but we can't do that here yes we have testimony that there was a large amount in a large bag and we have testimony that there was a gallon size bag that was filled but we don't have testimony that they looked the same that they were the same size so all we know is that there are 3 plastic bags and that there is a large amount certainly of a material but we don't know what that substance is until it's tested and we can't make any assumptions about whether those bags were the same size or whether they contained the same amount of a substance without that evidence in the record we don't have that from the officer's testimony and we don't have that from the picture that was submitted so at some point I think your honors were asking what if the statute segments were organized differently and that the minimum amount was 300 grams instead of just 30 grams and I believe the state said sure we can still prove that we can still prove 300 grams of cannabis because 1000 divided by 3 is 300 grams but we just don't know how much is in each bag and I believe in response to that same question the state says but 500 grams in each bag would be unreasonable and I think what they're getting at there is if you consider that there were only 2.5 grams or less of cannabis present and then the rest was some other substance there would have to be over 500 grams in at least 2 of the bags for it to be arranged that way but it just doesn't matter it doesn't matter if that were the case and it doesn't matter whether or not the bag could have held that much not to mention that we don't have any of that testimony in evidence it doesn't matter because once it was commingled the law from the Supreme Court the law from this court says that the state lost the ability to charge anything but the lowest misdemeanor, the lowest charge for possession and so I think that this court is obligated to consider that precedent and to consider that argument in the light that the law and the burden doesn't change whether he's convicted with 500 grams or 30 grams the burden is the same and the state didn't meet that burden here and I think this court is also going to have to consider how much weight to give the officer's testimony because certainly he says there's cannabis there and there's a lot of it and it's in 3 bags but I ask this court to consider the question of how thin and can be and still prove something beyond a reasonable doubt because if this court finds that that picture and that officer's testimony is enough to prove weight beyond a reasonable doubt, I think that this court will be disagreeing with cases that it's seen already and that the Supreme Court has seen and one last point the state also says that the testimony in the picture should allow you to reach the reasonable inference that it was all cannabis. I just don't think that's reasonable. I still think that's speculation and that's because there's no testimony that these substances were homogenous, that they look the same cannabis is not like capsules, pills, tablets where we can compare them and then assume that one pill was like another pill if there were thousands of them we just can't do that with cannabis in fact there's even laws about look-alike substances because we know that things look alike and we know that something completely innocuous like a dried herb might look just like dried cannabis and so I just don't think we can make those assumptions based on the officer's testimony and on the picture and so I ask that you reduce the conviction to the misdemeanor and remand for sentencing I did not directly address the state's sentencing argument and I don't think that this court needs to either because I don't think this court is able to grant what the state requests. I don't believe this court can give 30 grams a class 4 felony and then enhance to class 3 because once the substance is commingled we'll never know how much cannabis was there originally and that binds the state to charging only the lowest class misdemeanor, the class C. So that's what I ask in this case your honors. Thank you for your time. Thank you counsel. We'll take this matter under advisement and be in recess.